# LEWIS & LIN LLC

45 Main Street,  Suite 608
Brooklyn, NY  11201-8200
>>>Tel:    (718) 243-9323
>>>Fax:    (718) 243-9326

www.ilawco.com

September 2, 2015

**Via ECF**
Honorable Kathrine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*Malibu Media LLC v. Doe (subscriber assigned IP address 108.30.247.86)*
Civil Action No. 1:14-cv-10155-KBF

Dear Judge Forrest:

  I am counsel for Defendant John Doe (subscriber assigned IP address 108.30.247.86) ("Doe") in the referenced case and write pursuant to Federal Rule of Civil Procedure 26(c) and your Individual Rules of Practice 2.F to **request a protective order (i) limiting the issuance of third party subpoenas to depose Defendant's former employers, family, friends, and acquaintances by Plaintiff Malibu Media LLC ("Malibu"), as intimated by Malibu's counsel at Doe's August 26th deposition; and (ii) declaring the nearly five (5) hour deposition of Doe complete,** after it was adjourned prematurely by Malibu's counsel and over Doe's willingness to proceed on August 26th.

  Malibu is a purveyor of pornographic films and has filed the instant direct copyright infringement action against an Internet protocol ("IP") address that was assigned to Doe, publicly accusing Doe of downloading dozens of adult films with extremely embarrassing and graphic titles.  Doe has vehemently denied Malibu's allegations of infringement.  In light of the highly embarrassing and tenuous nature of these accusations, Doe sought and was granted leave to proceed anonymously through the dispositive motion stage of litigation in order to protect his identity.

  Through discovery in this matter, Malibu has imaged and reviewed Doe's computer, and has *absolutely no evidence* that Doe downloaded the works complained of in the Complaint or any BitTorrent software whatsoever.  The reality is that no other party or witness would or could have factually relevant information concerning Doe's liability herein. Thus, we can only presume that Malibu is trying to obtain information that has nothing to do with its case against Doe in order to build a potential case against non-parties, or to pressure Doe into settling the matter to avoid further damage to his personal or professional reputations.

*Conferral efforts and Doe's deposition*

Consistent with the Court's Order dated July 31, 2015 (ECF No. 27), by email on August 7, 2015, Malibu's counsel proposed to conduct Doe's deposition at the undersigned's offices on August 26, 2015 at 12:00 p.m., and indicated that she did not believe she would need all seven hours provided in the Federal Rules to conduct same, but, if necessary, suggested that the deposition continue until the following day.

By email of August 7, 2015, the undersigned accepted the date and time of Doe's deposition of August 26th at noon, agreed that we did not believe the deposition should or will last seven hours and indicated that Doe was unavailable the following day, August 27th.  The undersigned proposed to address the timing of the deposition at the deposition, once the parties had a better understanding of Malibu's queries and the need for additional time.

By email of August 11, 2015, Malibu's counsel asked the undersigned to confirm the date and time of Doe's deposition.  By email of August 11, 2015, the undersigned confirmed same.

By email of August 11, 2015, Malibu's counsel stated "We intend to depose [Doe's] wife also can you provide a date and time or produce her also on the 26th."

By email of August 11, 2015, the undersigned responded that Doe never indicated that he had a spouse or lived with anyone else, and that the undersigned would not produce that person.

On August 26, 2015, Doe arrived at the undersigned's offices before noon, however the deposition could not begin as scheduled because Malibu's court reporter had not yet arrived. After waiting for more than an hour, Malibu's court reporter arrived around 1 p.m. and Doe's deposition commenced.[1]

During the deposition, Malibu's counsel propounded a morass of irrelevant questions concerning, *inter alia*, Doe's educational background (including factual and technical details about the courses Doe studied), the identity and location of Doe's family members, the identity and location of Doe's employers years before the relevant period herein (including factual and technical details about Doe's job roles and responsibilities), the location of Doe's residences years before the relevant period herein, the existence of Doe's resume/CV, identity and location of persons in Doe's personal and social life.  Indeed, Doe answered questions about two decades' worth of his life. This line of questioning lasted for more than 2.5 hours.  Doe's testimony in response to these questions is not relevant or material to Malibu's single cause of action for direct copyright infringement or any of Doe's defenses.

However, Doe *did* testify that he (i) neither downloaded or watched any of the films alleged in the Complaint; (ii) neither downloaded or used BitTorrent or like software on any of his computers, smart phones, or like devices; (iii) no other person had access or control of his

---

[1] As of the filing this letter, defendant has not been provided a transcript of the August 26th deposition.  The following summary is based on the undersigned's notes and recollection; we will be happy to supplement this letter with relevant portions of the transcript once it is obtained.

computers, smart phones, or like devices during the period of alleged infringement; (iv) lived alone during the period of alleged infringement in a building with more than 500 units; and (v) had an open password on his home WiFi router during the period of alleged infringement.

      Dissatisfied with the lack of evidence of infringement and existence of testimony denying same, Malibu's counsel falsely accused Doe of destroying evidence and reiterated her intention to depose Doe's significant other (wrongly identified by Malibu as Doe's wife).  In person, at the deposition, the undersigned reiterated Doe's objection to producing Doe's significant other and indicated that no evidence exists as to infringement by Doe, such that testimony from any other person concerning same has no probative value and would be pursued only for purposes of harassment.  Malibu's counsel reiterated Malibu's intention to depose Doe's significant other and potentially other parties.

      At approximately 6 p.m. on August 26th, 2015, Malibu's counsel indicated (for the first time) that she desired to adjourn the deposition because she had to attend a funeral the following morning.  The undersigned stated that while I was understanding of Malibu's counsel's situation, Doe was opposed to adjournment as Malibu had already propounded hours of irrelevant testimony and elicited all necessary responses to relevant queries, and Doe was present and willing to continue and complete the deposition that evening.

      While Doe is cognizant of Malibu's ostensible desire to conduct thorough discovery, it has become apparent that, in the absence of any evidence of infringement on Doe's part, Malibu is conducting a fishing expedition and campaign of harassment by threatening to depose non-party witnesses on irrelevant topics and to continue to depose Doe on same.  In so doing, Malibu is attempting to prevent ultimate resolution in this matter by creating the false sense that evidence of infringement or wrongdoing exists. As the Court stated in its July 31st Order, "a speedy summary judgment motion may be appropriate if no further evidence of infringement is forthcoming."  The Court should not permit Malibu to waste the parties' and the Court's resources.

      Rule 26(c) allows the Court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of "good cause." Fed. R. Civ. P. 26(c).

      For the foregoing reasons, **Defendant Doe respectfully requests that this Honorable Court issue a protective order (i) limiting Malibu's issuance of third party subpoenas and (ii) declaring Doe's deposition complete**.

      Respectfully submitted,

      */s/ Justin Mercer*
      Justin Mercer

cc:    Jacqueline M. James, Esq. (via ECF)
       David D. Lin, Esq.