**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------X
                                                             :
MALIBU MEDIA, LLC,                                           :
                                                             :    Case No. 1:14-cv-10155-KBF
                            Plaintiff,                       :
                                                             :    Judge Forrest
               vs.                                           :
                                                             :
                                                             :
JOHN DOE subscriber assigned IP address                      :
108.30.247.86,                                               :
                                                             :
                            Defendant.                       :
-------------------------------------------------------------X
```

**PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING PLAINTIFF TO SERVE A THIRD PARTY SUBPOENA ON VERIZON AND AUTHORIZING VERIZON TO RELEASE CERTAIN SUBSCRIBER INFORMATION ABOUT DEFENDANT**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, moves for entry of an order authorizing Plaintiff to serve a third party subpoena *duces tecum* for deposition *de bene esse* (the "Subpoena") on Defendant's internet service provider, Verizon Internet Services ("Verizon"), and authorizing Verizon to release certain subscriber information about Defendant. Plaintiff files this memorandum in support.

**I.  INTRODUCTION**

This is a copyright infringement lawsuit wherein Plaintiff asserts that Defendant utilized his internet connection provided by Verizon to illegally download, copy, and distribute pirated copies of fifty nine (59) of Plaintiff's copyrighted works. Verizon possesses relevant documents and information related to this suit. Specifically, Verizon possesses relevant documents and information referring or relating to: (a) DMCA notices and any other copyright infringement

1

notices Verizon sent to Defendant (collectively, "Notices of Infringement"); (b) its lease of any electronic devices to Defendant, including the rental of modems and routers; (c) its policies and procedures regarding password installation for modems and routers, including any communications Verizon had with Defendant regarding same; (d) the time period that Defendant was the subscriber of IP address 108.30.247.86—the IP address recorded infringing Plaintiff's copyrights; and (e) the reliability and admissibility of its correlation of Defendant's IP address to Defendant (*i.e.*, information that enables Plaintiff to lay a foundation for the introduction, as business and computer records, of Verizon's documents correlating the infringing IP address to Defendant).

Plaintiff now moves for the entry of an order authorizing it to serve a Rule 45 subpoena upon Verizon to produce the foregoing relevant information and provide deposition testimony regarding same. For the Court's convenience, the Subpoena Plaintiff intends on serving Verizon is attached hereto as an exhibit.

## II.    LEGAL STANDARD

Under the federal rules, parties are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 26 is to be liberally construed to permit broad discovery—"[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "Rule 45 subpoenas are subject to the relevance requirements set forth in Rule 26(b)." *Silano v. Wheeler*, No. 3:13CV185 JCH, 2014 WL 2515224, *1 (D. Conn. June 4, 2014)*; see also* Advisory Committee Note to the 1970 Amendment of Rule 45(d)(1) (the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as

that applicable in Rule 34 and other discovery rules"). Plaintiff's request to issue a third party Rule 45 subpoena upon Verizon is thus governed by Rule 26's broad standard.

Verizon is a cable operator within the meaning of the Cable Act. Consequently, a court order authorizing Verizon to disclose documents and information about Defendant, its subscriber, is necessary. *See* 47 U.S.C. § 551(c) ("A cable operator may disclose such information if the disclosure is . . . made pursuant to a court order authorizing such disclosure . . ."). The Cable Act does not impose any limitations on the scope of discovery in a lawsuit. Accordingly, the only issue raised by this Motion is whether the information outlined above is discoverable.

### III. ARGUMENT

#### A. Prior Notices of Infringement are Relevant and Discoverable

The Digital Millennium Copyright Act of 1998 ("DMCA") [*see* 17 U.S.C. § 512] was passed in 1998 by Congress "to protect copyrighted works in the digital age while providing important protections for online service providers to ensure the free flow of information."[1] To comply with the DMCA, Verizon sends "copyright alerts to [their] subscribers via email, voice mail and, in certain cases, US mail."[2]

"In July 2011, Verizon joined four other Internet Service Providers (ISPs) and the major and independent music labels and movie and television studios in signing an agreement that established a more standard approach to sending copyright alerts to Internet subscribers that the copyright owners have identified as alleged infringers."[3] Specifically, Verizon implemented its "Verizon Copyright Alert Program," the purpose of which is to alert customers when their

---

[1] http://www.verizon.com/Support/Residential/internet/fiosinternet/general+support/top+questions/questionsone/123247.htm?pos=1 (last accessed on September 3, 2015)
[2] *Id*.
[3] *Id*.

"Internet account is potentially being used unlawfully to infringe the copyright law."[4] Under this program, Verizon alerts its subscriber of copyright infringement "through pop-up messages requiring [the subscriber] to acknowledge the alerts[.]"  Further, in cases where Verizon continues to receive multiple notices of infringement, it temporarily reduces the speed of service for the subscriber.[5]

Here, there is a reasonable chance Defendant received prior Notices of Infringement. Indeed, at the heart of this lawsuit is Plaintiff's contention that Defendant infringed Plaintiff's copyrights for an eight month period between March of 2014 and November of 2014.  *See* CM/ECF 1-1.  Further, Plaintiff investigators also logged Defendant's IP address participating in BiTorrent swarms for 263 third-party files between March of 2014 and February of 2015. This evidence of extensive BitTorrent use implicates Defendant as a serial infringer of third-party content and makes it conceivable—if not probable—that Defendant received prior and additional Notices of Infringement.  Verizon will be able to confirm same.

This discovery is highly relevant to both Plaintiff's claims and Defendant's defenses. Plaintiff has alleged that Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2). CM/ECF 1. Defendant denies this. CM/ECF 23. Evidence that Defendant received one or more Notices of Infringement for his BitTorrent use would be incredibly relevant to these issues—it would make it more likely that Defendant is liable and that the infringements were "willful" and not "innocent." First, since prior Notices of Infringement relate to Defendant's BitTorrent use generally, receipt of prior Notices of Infringement establishes that Defendant was using BitTorrent during the period of recorded infringement. And, this speaks to Defendant's knowledge, intent, and "know how"—it shows that he had the

---

[4] *Id*.
[5] *Id*.

wherewithal and ability to commit the infringements and makes his liability more likely. *See* Fed. R. Evid. 404(b)(2) ("evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."). Second, if Defendant received one or more prior Notices of Infringement, it would show that Defendant was aware that his internet service was being used to infringe copyrights, thus making it more likely that Defendant is directly or contributory liable. Third, to the extent that Defendant received Notices of Infringement, same would prove that Defendant was still assigned the relevant IP address. Fourth, because Defendant has denied receiving prior Notices of Infringement, evidence to the contrary is relevant impeachment evidence. And, in numerous similar cases Plaintiff has learned that a defendant whom it has sued had received numerous prior Notices of Infringement.

### B. Documents Regarding Verizon's Lease of Devices or Equipment to Defendant are Relevant and Discoverable

Plaintiff's Subpoena also will seek information regarding any devices or equipment (*e.g.*, modems or routers) that Verizon leased to Defendant. Such discovery goes to the heart of the litigation. Discovery revealed that Verizon leased electronic devices and equipment to Defendant, but Defendant stated that he did not know the brand, trademark, model number or version of these devices. Plaintiff is entitled to learn the make and model of the devices and equipment Defendant leased from Verizon. Such information is incredibly relevant because routers and modems have different capabilities, settings, and Wi-Fi ranges. For some routers it is impossible to configure the main network without a password, and other routers auto-generate lengthy alphanumeric passwords. In addition, most routers have limited strength and signal; only a computer device within a certain distance can even access the router. Even if a signal is

accessible, the signal strength drastically diminishes if the signal extends too far or has to pass through barriers like home furnishings, walls, trees, fences, etc.

Identifying the brand name and model number of the modems, routers, and electronic devices that Verizon leased to Defendant is therefore highly relevant because this evidence—when considered along with physical evidence associated with Defendant's residence—provides the predicate for an expert WiFi opinion. If Verizon confirms that it leased to Defendant an electronic device or router that would make it impossible to configure Defendant's wireless network without a password, then that fact would undermine Defendant's assertion he "changed the password to a blank password." If Verizon confirms that it leased to Defendant an electronic device or router that has an extremely limited signal reach, then that fact would confirm that the infringement emanated from within Defendant's home. This will directly discredit Defendant's defense that in individual outside of his home committed the infringement. Accordingly, documents regarding Verizon's lease of equipment to Defendant can greatly impact the weight of the circumstantial evidence in this case and may make it more likely that Defendant is the responsible infringer.

### C. Documents Regarding Verizon's Password Policies and Procedures and Communications with Defendant are Relevant and Discoverable

At his deposition, Defendant revealed that Verizon supplied his modem and that it did not secure his internet with a password. Defendant's deposition testimony is inconsistent with his discovery responses, and Plaintiff seeks discovery to ascertain which version of events is true. That is, Plaintiff now seeks discovery to test and corroborate Defendant's deposition testimony. To that end, Plaintiff's Subpoena will seek documents and information on Verizon's policies and procedures regarding the setup and securing of wireless internet connections. Significantly, Plaintiff seeks to learn details about Verizon's internet security policies and procedures and how

6

they are implemented during installation. This information is highly relevant because it appears very possible—if not probable—that Verizon notified Defendant of his obligation to secure all of his wireless internet accounts with a password and either placed (or instructed Defendant on how to place) a password on his internet connections. If Verizon confirms this, this evidence would severely undermine Defendant's entire defense theory. Unquestionably, the discovery Plaintiff seeks has a direct tendency to impeach Defendant and make Defendant's liability more likely.

### D. Documents which indicate the time period in which Defendant was the subscriber of IP address 108.30.247.86

On February 2, 2015, pursuant to this Court's Order, Plaintiff served a subpoena on Verizon requiring it identify the subscriber that was assigned IP address 108.30.247.86 on November 16, 2014 at 18:20 UTC. Verizon identified Defendant. Since it was outside the scope of this Court's Order, Plaintiff did not request—and Verizon has not yet identified—the total time period during which Defendant was assigned the infringing IP address. At this juncture, and given the ever-increasing evidence against Defendant, this information has become incredibly relevant. Identifying the entire period during which Defendant was assigned IP address 108.30.247.86 is now relevant to demonstrate that Defendant was the subscriber during the entire period of recorded infringement. This confirmation would undermine any defense to the contrary. Such evidence is important because Defendant has "raise[d] each and every defense available" and has not agreed to enter into a stipulation to moot the need for this discovery.

### E. Documents Regarding Verizon's Correlation of IP Address 108.30.247.86 to Defendant are Relevant and Discoverable

Finally, Plaintiff's Subpoena will seek documents, information, and deposition testimony related to Verizon's correlation of IP address 108.30.247.86 to Defendant. The reliability of

Verizon's correlating techniques is highly relevant because it will likely show that the correlation in this case was accurate. Indeed, internet service providers in similar cases have testified that they correlate IP addresses to internet subscribers in the regular course of business and that they are "absolutely certain" that such correlations are correct. Such powerful testimony, if provided in this case, will provide the predicate for Plaintiff's ability to lay the foundation for the introduction of the correlation evidence at trial. This is essential to prove Plaintiff's claims and it will virtually foreclose the viability of any defense that Verizon somehow misidentified Defendant as the internet subscriber of the infringing IP address, rendering any such defense impermissibly speculative and unsupported. Discovery concerning Verizon's correlation to Defendant goes to the heart of the controversy.

### F. Deposing Verizon is Necessary

Plaintiff respectfully requests that Verizon not merely produce the forgoing documents, but that a Verizon representative also attend a brief deposition to discuss same. This request is necessary (a) so that Plaintiff can avoid surprises at and properly prepare for trial and (b) so that Plaintiff can read Verizon's deposition testimony into evidence at trial in the foreseeable event a Verizon representative is unable to attend trial (*e.g.*, since the witness will likely be more than 100 miles away pursuant to Fed. R. Civ. P. 32(4)(B)).

### IV. CONCLUSION

Since Plaintiff's Subpoena requests documents, information, and deposition testimony that clearly qualify as discoverable under the Federal Rules, Plaintiff respectfully requests that the Court grant the subject Motion and enter an order authorizing Plaintiff to serve a third party subpoena *duces tecum* for deposition *de bene esse* on Verizon. A proposed order is attached hereto.

## CERTIFICATE OF GOOD FAITH CONFERRAL

On September 3, 2015, undersigned conferred with Defendant's Attorney in a good faith effort to resolve the issues raised in this Motion. To date, Defendant's Attorney has not responded.

By: /s/ Jacqueline M. James

Respectfully submitted,

By: /s/ Jacqueline M. James
Jacqueline M. James, Esq. (1845)
The James Law Firm, PLLC
445 Hamilton Avenue
Suite 1102
White Plains, New York 10601
T: 914-358-6423
F: 914-358-6424
E-mail: jjameslaw@optonline.net
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ Jacqueline M. James