September 10, 2015

*VIA CM/ECF*
Honorable Katherine B. Forrest
United States Courthouse
500 Pearl St.
New York, NY 10007

Reply to:
Jackie James
jamesdaw@optonline.net
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 1 4 2015

Re: **Plaintiff's Opposition to Defendant's Letter Motion for Entry of a Protective Order and Request to Compel Discovery and Schedule a Hearing**
Case: *Malibu Media, LLC v. John Doe*, 1:14-cv-10155-KBF (S.D.N.Y)

Dear Judge Forrest:

This letter is Plaintiff, Malibu Media, LLC's ("Plaintiff"), opposition to Defendant's letter motion for entry of a protective order seeking to bar Plaintiff from conducting certain depositions and completing its deposition of Defendant. First, prior to filing his letter motion, counsel for Defendant did *not* confer with counsel for Plaintiff as required by both the federal rules and this Court's Individual Rules of Practice in Civil Cases and thus Defendant's motion should be denied. To the contrary Plaintiff has attempted to meet and confer with Mr. Mercer and Mr. David Lin regarding discovery their failure to produce documents identified at the deposition numerous times by formal letter dated 9/3/15, by phone messages, and by numerous repeated e-mails and the only response has been an auto reply from Mr. Mercer asking all requests be directed to Mr. Lin which I have done. Therefore we have meet our obligation in attempting to meet and confer. In short, conducting depositions of Defendant's "significant other", the only other person who had access to Defendant's laptop, and Defendant's neighbors, whom he claims could have used his purportedly unsecured wireless internet signal to commit the infringement, is both necessary and proper. Further, Defendant's assertion that "Malibu . . . has absolutely no evidence that Doe downloaded the works complained of in the Complaint or any BitTorrent software whatsoever" is both erroneous and confounding, in light of the fact that Defendant has not yet been provided with Plaintiff's expert witness report regarding his findings. Finally, considerations of fairness and justice require that Plaintiff be permitted to finish its deposition of Defendant. For the foregoing reasons, as explained more fully below, Plaintiff respectfully requests this Court deny Defendant's Motion and enter an order setting a telephonic hearing to discuss these, and other pressing issues related to discovery.

**A. Legal Standard**

Pursuant to Fed. R. Civ. P. 26(c), "any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The motion must include a certification that the movant has, in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" "In light of the general philosophy supporting full discovery of relevant facts, courts rarely order that a deposition not be taken. The burden on the party seeking to bar a deposition 'constitutes a requirement for a threshold showing that there is 'good cause' that the order issue.'" *Cooper v. Welch Foods, Inc.*, 105 F.R.D. 4, 6 (W.D.N.Y. 1984) (*citing* 4 J. Moore, *Federal Practice* ¶ 26.69 at 26–443 (2d ed. 1981)). *See also e.g. Dove v. Atl. Capital*

1

*Corp.*, 963 F.2d 15, 19 (2d Cir. 1992) ("Where ... the [discovery is] relevant, the burden is upon the party seeking non-disclosure or a protective order to show good cause.")

### B. Defendant's Motion Fails to Comply With Fed. R. Civ. P. 26 and This Court's Individual Rules of Practice in Civil Cases 2(E)(i)

The plain language of Rule 26 requires that a motion for entry of a protective order "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c). This Court's Individual Rules also state that "[a]ny party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party . . . in an effort to resolve the dispute." Rule 2(E)(i). Defense counsel did not confer with undersigned regarding his intent to file the instant letter motion. As such, his motion does not comply with the relevant rules.

### C. Good Cause Does Not Exist to Issue a Protective Order Barring Plaintiff From Conducting Depositions Necessary to Its Case

Defendant has failed to demonstrate "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements" demonstrating why this Court should enter an order barring Plaintiff from conducting necessary and appropriate discovery. *Cooper*, 105 F.R.D. at 6 (W.D.N.Y. 1984). Indeed, "[d]iscovery is to be considered relevant where there is *any possibility* that the information sought may be relevant to the subject matter of the action." *Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997) (*quoting United States v. International Business Machines Corp.*, 66 F.R.D. 215, 218 (S.D.N.Y.1974) (emphasis in original)). And, "[t]he burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure." *Id.* (citation omitted). Here, there is no question that deposing Defendant's neighbors and significant other is proper and warranted.

During his deposition Defendant testified that "until late last year," after the period of recorded infringement, his wireless internet signal was not password protected. Defendant's Deposition, p. 52:8-12. He further claimed that the signal was strong enough to reach his neighbors. Because Defendant denies being the infringer, Defendant's assertions indicate that he believes that one of his neighbors could have committed the infringement using his IP address. In order to ascertain whether or not it is plausible or even possible for one of Defendant's neighbors to have committed the infringement instead of Defendant, it is necessary for Plaintiff to depose them. Deposing Defendant's neighbors goes to the heart of one of Defendant's defenses. As such, the depositions are appropriate and necessary. Significantly, Plaintiff informed Defendant via e-mail on September 3, 2015 of the same and noted that if he would stipulate that none of his neighbors committed the infringement, Plaintiff would not need to depose them. Defendant would not so stipulate.

Further, Plaintiff propounded interrogatories on Defendant requesting him to identify "by brand, trademark, model number, version, serial number and by any other relevant form of identifier every Computer Device used in [his] home during the preceding two years . . . [and] who is authorized to use the Computer Device, who has been authorized to use the Computer Device, the times during which each person was authorized to use the Computer Device, and . . .

the person who primarily uses the Computer Device." Defendant responded, subject to objections, by identifying his Asus Laptop and stating that it was "[u]sed *exclusively* by Defendant." Defendant's Response to Plaintiff's 2nd Interrogatory (emphasis added). Despite asserting that he was the "exclusive" user of his laptop, it was revealed during Defendant's deposition, that this was untrue. Defendant permitted his significant other to repeatedly use the laptop. Indeed, she had her own user account. Defendant's Deposition, p. 199:17-24; p. 201:5-11. Defendant's response to Plaintiff's interrogatory is demonstrably false and warrants deposing Defendant's significant other to ascertain the facts surrounding her use of Defendant's computer, her presence in the apartment, her use of Defendant's wireless internet, and other factual matters relevant to the action.

### D. Defense Counsel Was on Notice of the Potential for Continuing the Deposition at a Later Date

In emails between counsel for the parties scheduling Defendant's deposition, defense counsel was specifically made aware of the potential for needing to continue Defendant's deposition at a later date. In an email from August 7, undersigned wrote, "if we are unable to complete the afternoon deposition that day it will continue the next day." Defense counsel responded stating that his client was not available the next day but that they could "discuss the timing when we are at the deposition and have a better grasp on how much longer you will need." In light of the foregoing, Defendant's assertion that "[a]t approximately 6 p.m. on August 26th, 2015, Malibu's counsel indicated (for the first time) that she desired to adjourn the deposition because she had to attend a funeral the following morning" is disingenuous. Motion, p. 3. Defense counsel knew that continuing the deposition was a distinct possibility well before the deposition started. Indeed, undersigned's step-father's funeral was the next day and she had family obligations to attend to. Yet, contrary to his prior e-mail, defense counsel refused to discuss continuing the deposition and insisted that it continue and that it would not be rescheduled. Considerations of fairness and justice demand that Plaintiff be permitted to continue its deposition of Defendant as previously discussed with defense counsel.

### E. Alter Documents and Other Documents Have Been Withheld

At the deposition the defendant testified he personally blacked out information and altered documents prior to giving them to his counsel to be produced in this litigation. I have request un-alter copies numerous times at the deposition and after and have not gotten a response. Mr. Mercer's firm labelled the documents with bates numbers and marked them as confidential prior to producing them o Plaintiff. Defense counsel *failed* to advise me that his client had blacked out the material information from the *documents without counsel review* and defense counsel then produced the documents leading m to conclude of course *an attorney had redacted them –which was not true*. I have never had a law firm produce documents in redacted form without counsel review. It is wrong should have been corrected the morning after the deposition. I have also repeatedly attempted to set an exchange date for expert reports and have not gotten a response. Instead, Mr. Mercer subpoena Plaintiff expert which is improper. Additionally, the defendant testified he was unable to turn his laptop over to our experts on the scheduled day June 18, 2015 because he was in Boston without his laptop on business. To date defendant has failed to produce receipts verifying that trip despite numerous requests.

### F. Conclusion and Request for Hearing

3

For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendant's Motion and enter an order setting a hearing on these and other discovery disputes. Undersigned has attempted numerous times to obtain defense counsel's availability for such a telephonic discovery hearing but to date he has not responded.

(2) If there is a forensic report/ evidence suggesting deletion (or other admissible evidence), the issue of the girlfriend/significant other may be revisited (depending on possible time/date of deletion). At this point, this deposition appears to be harassment and at least outweighed by such considerations.

Respectfully submitted,

By: /s/ Jacqueline M. James
Jacqueline M. James, Esq. (1845)
The James Law Firm, PLLC
445 Hamilton Avenue
Suite 1102
White Plains, New York 10601
T: 914-358-6423
F: 914-358-6424
E-mail: jjameslaw@optonline.net
*Attorneys for Plaintiff*

(3) The continued deposition of defendant is disallowed. The deposition went on long enough. The Court notes the last series of questions were entirely irrelevant.

KBF
USDJ
9/14/15

**CERTIFICATE OF SERVICE And MEET AND CONFER COMPLIANCE**

I hereby certify that on September 10, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system. And certify I attempted to meet and confer with opposing counsel prior to filing this letter request for discovery relief.

By: /s/ Jacqueline M. James

Ordered

(1) Protective order granted. Plaintiff may not subpoena neighbors or defendant's significant other based on the current record. As to the neighbors, plaintiff would be engaged in a fishing expedition and/or harassment of the defendant (by way of causing embarrassment/humiliation). The issue in this case is did this defendant download plaintiff's works -- not anyone living in the apartments nearby. As to defendant's significant other, the Court has read the transcript of the deposition. The testimony is that any use by this woman was on defendant's computer. There is no evidence that the computer has or had any of plaintiff's copyrighted works that I can see -- thus, whether the girlfriend used the computer is irrelevant.