**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------------X
                                              :
MALIBU MEDIA, LLC,                            :
                                              :        Case No. 1:14-cv-10155-KBF
                        Plaintiff,            :
                                              :         Judge Forrest
            vs.                               :
                                              :
                                              :
JOHN DOE subscriber assigned IP address       :
108.30.247.86,                                :
                                              :
                        Defendant.            :
--------------------------------------------------------------X
```

## PLAINTIFF'S UNOPPOSED MOTION TO EXTEND DISCOVERY FOR THE LIMITED PURPOSE OF CONDUCTING DISCOVERY ON DEFENDANT'S INTERNET SERVICE PROVIDER

Plaintiff, Malibu Media, LLC, hereby moves for entry of an Order extending discovery for the limited purpose of conducting discovery on Defendant's Internet Service Provider (the "Motion"), and files the following memorandum in support.

### I.      INTRODUCTION

Plaintiff respectfully requests the Court grant its Motion because Plaintiff has good cause to extend discovery and Defendant will not be prejudiced.  In this case, Plaintiff has made diligently efforts in seeking discovery.  Indeed, Plaintiff served requests for production and interrogatories, retained a computer expert to examine Defendant's hard drive, took Defendant's deposition, and served a subpoena on Defendant's Internet Service Provider, Verizon Internet Services ("ISP" or "Verizon") to obtain highly relevant documents regarding Defendant's internet use.  Despite Plaintiff's diligence throughout the course of this litigation, Plaintiff has

been unable to obtain documents regarding Defendant's internet connection because Verizon failed to produce the subpoenaed documents and appear at the deposition.

For the foregoing reasons as explained for fully below, Plaintiff requires an extension of the discovery deadline for the limited purpose of conducting discovery on Verizon.

## II.   LEGAL STANDARD

Fed. R. Civ. P. 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." *Id*.   "According to the Advisory Committee Notes that accompany this rule, 'the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Robinson v. T.J. Maxx, Inc.*, 148 F.R.D. 490, 492 (N.D.N.Y. 1993).   "A determination of 'good cause' should obviously be based on objective standards […] these objective factors include the past conduct and diligence of the parties, the prior knowledge of the parties, the stage of litigation reached, and the nature of the relief sought." *Bernstein v. Bernstein*, No. CV 91-0785 (RR), 1993 WL 466402, at *1 (E.D.N.Y. Aug. 13, 1993).

## III.   ARGUMENT

### A.   Plaintiff Was Diligent Throughout Discovery

Plaintiff has been diligent since commencement of this suit.   Indeed, since entry of this Court's Order setting the discovery deadline for today, [CM/ECF 21], Plaintiff: (1) served written discovery on Defendant; (2) conferred with defense counsel on deficient responses to written discovery; (3) obtained and imaged Defendant's computer hard drive; (4) retained an expert to forensically examine Defendant's computer hard drive; (5) deposed Defendant; (6) completed its expert report; (7) filed a Motion for Entry of an Order Authorizing Plaintiff to Serve a Third Party Subpoena on Verizon and Authorizing Verizon to Release Certain

Subscriber Information About Defendant [CM/ECF 30]; (8) served its subpoena on Verizon; and (9) filed a Motion for Sanctions against Defendant [CM/ECF 39].

        B.   <u>Despite Plaintiff's Diligent Efforts Verizon Failed to Produce Subpoenaed Documents</u>

On September 30, 2015, Plaintiff timely filed a Motion for Entry of an Order Authorizing Plaintiff to Serve a Third Party Subpoena on Verizon and Authorizing Verizon to Release Certain Subscriber Information About Defendant (the "Motion") [CM/ECF 30]. Plaintiff's subpoena, which was the subject of Plaintiff's Motion, seeks relevant documents and information relating to Defendant internet use.[1] These documents are in Verizon's possession, custody, or control. The subpoena further requests that Verizon appear for a brief deposition regarding same.

On September 11, 2015, this Court granted Plaintiff's Motion [CM.ECF 34]. On September 18, 2015, Plaintiff conferred with Verizon's counsel regarding its intent to serve the subpoena for production of relevant documents and deposition of Verizon's 30(b)(6) corporate representative. Verizon's counsel advised that Verizon preferred to submit a declaration rather than appear for a deposition. Plaintiff agreed to accept a declaration if all parties would stipulate to admitting Verizon's declaration into evidence at trial. However, Plaintiff's counsel specifically noted that if Defendant would not stipulate to the foregoing, a deposition would need to be scheduled prior to the close of discovery.

---

[1] Plaintiff's subpoena to Verizon seeks documents referring or relating to: (a) DMCA notices and any other copyright infringement notices Verizon sent to Defendant (collectively, "Notices of Infringement"); (b) its lease of any electronic devices to Defendant, including the rental of modems and routers; (c) its policies and procedures regarding password installation for modems and routers, including any communications Verizon had with Defendant regarding same; (d) the time period that Defendant was the subscriber of IP address 108.30.247.86—the IP address recorded infringing Plaintiff's copyrights; and (e) the reliability and admissibility of its correlation of Defendant's IP address to Defendant (i.e., information that enables Plaintiff to lay a foundation for the introduction, as business and computer records, of Verizon's documents correlating the infringing IP address to Defendant).

Since Plaintiff was not advised that the parties reached a stipulation, on September 22, 2015, Plaintiff served Verizon with its subpoena.  The subpoena listed Verizon's deposition for September 28, 2015 at 9 a.m.   However, neither Verizon nor its counsel appeared at the deposition.  Further, Verizon failed to produce documents responsive to Plaintiff's subpoena.  On September 28, 2015 at 3:45 p.m., Verizon's counsel sent Plaintiff its objections to Plaintiff's subpoena.  Plaintiff is in the process of reviewing the objections and intends on conferring with Verizon's regarding same.  If, after conferring with Verizon, the parties are unable to resolve the objections, Plaintiff intends on filing a motion to compel.

Accordingly, an extension of the discovery deadline is required so that Plaintiff may confer with Verizon, obtain a declaration from Verizon or arrange a deposition, review documents produced, and, if necessary, file a motion to compel.

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiff respectfully request that the Court grant Plaintiff's Motion to Extend the Discovery Deadline for the Limited Purpose of Conducting Discovery on Defendant's Internet Service Provider.

Dated:  September 30, 2015

Respectfully submitted,

By:     /s/ Jacqueline M. James
        Jacqueline M. James, Esq. (1845)
        The James Law Firm, PLLC
        445 Hamilton Avenue
        Suite 1102
        White Plains, New York 10601
        T: 914-358-6423
        F: 914-358-6424
        E-mail: jjameslaw@optonline.net
        *Attorneys for Plaintiff*

4

## **GOOD FAITH CERTIFICATION**

Plaintiff, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 37(a)(1), hereby certifies that on September 30, 2015, undersigned conferred with defense counsel through e-mail in a good faith effort to resolve the issues raised in this motion.  Defense counsel advise that he consents to the relief requested herein.

By: /s/ Jacqueline M. James

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ Jacqueline M. James

5