**MORRISON | FOERSTER**

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

September 30, 2015

Writer's Direct Contact
212.336.8638
ALawrence@mofo.com

By ECF

The Honorable Katherine B. Forrest
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *Malibu Media, LLC v. John Doe Subscriber assigned IP address 108.30.247.86*, No. 1:14-cv-10155-KBF

Dear Judge Forrest:

We write on behalf of third-party Verizon Online LLC in response to Plaintiff Malibu Media's "Unopposed Motion to Extend Discovery for the Limited Purpose of Conducting Discovery on Defendant's Internet Service Provider" (Dkt. 44).

Plaintiff's subpoena of Verizon is defective on its face and would impose an undue burden on Verizon, which has been required to respond to many hundreds of subpoenas from Malibu Media alone. The deposition subpoena here was served on Verizon *six days* before the proposed deposition date (which Plaintiff unilaterally set for September 28, 2015, on the eve of the discovery cut-off), and seeks a wide range of information from Verizon that is not discoverable. For the reasons discussed herein, Plaintiff's request to extend the discovery period to pursue further discovery from Verizon should be denied. Alternatively, Verizon respectfully requests a minimum of 72 hours to file a fuller response to Plaintiff's motion.

**I.   Introduction and Summary**

These cases are among thousands of "Doe" defendant actions filed in courts across the country, seeking personal information from Internet Service Providers ("ISPs") about the ISPs' subscribers. The cases typically follow "a common arc":

> (1) a plaintiff sues anywhere from a few to thousands of Doe defendants for copyright infringement in one action; (2) the plaintiff seeks leave to take early discovery; (3) once the plaintiff obtains the identities of the IP subscribers through early discovery, it serves the subscribers with a settlement demand; (4) the subscribers, often embarrassed about the prospect of being named in a suit, settle . . . .

MORRISON | FOERSTER

*McGIP, LLC v. Does*, 2011 U.S. Dist. LEXIS 108109, at *11 n.5 (N.D. Cal. Sept. 16, 2011).

These "Doe" cases impose undue burdens upon the ISPs, including Verizon, who have been asked to respond to *thousands* of subpoenas from Malibu Media.[1]  The subpoenas have required a large amount of Verizon's employees' time to evaluate and respond to competing and sometimes overlapping requests for information.

Given the proliferation of "Doe" actions involving pornographic films, courts increasingly scrutinize Plaintiff's subpoenas to ISPs as unduly burdensome.  *See*, *e.g.*, *Malibu Media, LLC v. Doe*, 2015 U.S. Dist. LEXIS 87751, at *9-16 (S.D.N.Y. July 6, 2015) (discussing Malibu Media's "history of abuse of court process"); *Malibu Media v. Does 1-10*, 2012 U.S. Dist. LEXIS 89286, at *9 (C.D. Cal. July 27, 2012) ("[t]he Court will not idly watch what is essentially an extortion scheme").

Here, Plaintiff has not demonstrated "good cause" for extending the discovery cut-off.  Its subpoena suffers from multiple defects.  It was served on the eve of the discovery cut-off without affording Verizon any meaningful opportunity to investigate the alleged facts.  The subpoena was issued from this district but served in Texas and purports to command the appearance of Verizon's representatives—who reside in or near Arlington, Virginia—to testify on **six days' notice** in Texas, *i.e.*, outside the 100-mile radius for commanding testimony of a witness.  Fed. R. Civ. P. 45(c)(1)(A) & (c)(2)(A).  And, the subpoena seeks information far beyond that contemplated by the Cable Communications Policy Act ("Cable Act") as discoverable from an ISP — i.e., more than the name and address of the subscriber associated with an IP address, *which Verizon already provided* in response to an earlier subpoena in this action.  Verizon objected in writing to the current subpoena within six days of service, yet Plaintiff has made no real attempt to address those objections.

At bottom, Malibu Media's subpoenas impose a significant, cumulative burden on Verizon, while "us[ing] the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and to coerce payment from them."  *K-Beech, Inc. v. Does*, 2011 U.S. Dist. LEXIS 124581, at *7 (E.D. Va. Oct. 5, 2011); *see also Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 928-29 (7th Cir. 2004) (rejecting argument that a subpoena causes no undue burden merely because "the administrative hardship of compliance would be modest," but considering instead "the rash of suits around the country" and the publicity generated).  Given the defects in the subpoena and other problems addressed herein, Verizon respectfully submits that Plaintiff's request for relief should be rejected.

II.     **The Subpoena Is Unenforceable Due to Plaintiff's Failure to Comply with Rule 45(b)'s Requirements for Issuance of the Subpoena and Service.**

Rule 45 provides in pertinent part that "a subpoena may command a person to attend a … deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides . . . ."

---

[1] *See*, *e.g.*, Law360's Article published today, "Porn Studio Keeps Law Firms Busy," reporting that Malibu Media has filed more than 1,000 copyright lawsuits this year alone.

MORRISON | FOERSTER

Fed. R. Civ. P. 45(c)(1). The rule similarly provides that a subpoena demanding the production of documents must be limited to at a "place 100 miles away the person resides, is employed, or regularly transacts business in person . . . ." Fed. R. Civ. P. 45(c)(2)(A).

The subpoena here improperly demanded that Verizon's employees, who work in Arlington, Virginia, and reside nearby, travel to San Angelo, Texas, on short notice for a deposition and to bring documents with them.[2] For this reason alone, the subpoena is improper.

The six-day turnaround demanded by Plaintiff also violates the Federal Rules and common sense in seeking information from a third party. *See, e.g.*, *Pacific Century Ltd. v. Does 1-37*, 282 F.R.D. 189, 196 (N.D. Ill. 2012) ("The court recognizes the burden on ISPs caused by such subpoenas. . . . Even though any one subpoena may impose a relatively modest burden, over time the burden on the ISPs of multiple subpoenas may be substantial."). Verizon, as a third party, should not be prejudiced and burdened by Plaintiff's choice to wait until the eve of the discovery cut-off to contact Verizon about Plaintiff's purported need for a deposition.

### III. The Subpoena Is Improper Because It Seeks Information That Is Not Discoverable Under the Cable Act and Subscriber Information That Should Be Obtained, If At All, From a Party to the Lawsuit

As noted above, Verizon previously responded to a subpoena in this case and provided the name and contact information of the subscriber associated with the IP address in question.

The additional information now sought by Plaintiff's subpoena — correspondence between Verizon and the subscriber, information about the rental of modems or other equipment, and Verizon's general policies and procedures — is either irrelevant, more properly sought from a party to litigation, or outside the scope of discovery contemplated by the Cable Act.

The Cable Act sets forth limited circumstances in which cable providers can provide information to governmental entities or in response to court order:

> Except as provided in paragraph (2), a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator.

47 U.S.C. § 551(c)(1) ("Disclosure of personally identifiable information").

Subparagraph (c)(2) of the Act, referenced in the quotation above, provides only limited exceptions for broader disclosures by cable operators. The Act permits disclosure pursuant to a court order only if "the disclosure does not reveal, directly or indirectly, the-- (I) extent

---

[2] Verizon's website states that, for efficient processing, subpoenas should be served on Verizon's subpoena processing unit in Texas. Malibu Media's outside general counsel, Keith Lipscomb is aware, based on his many contacts with Verizon, that Verizon's employees are located in Virginia.

MORRISON | FOERSTER

of *any viewing or other use by the subscriber of a cable service or other service* provided by the cable operator, or (II) *the nature of any transaction made by the subscriber over the cable system* of the cable operator . . . ." 47 U.S.C. § 551(c)(2)(C)(ii) (emphasis added).  This is precisely the information Malibu Media seeks from Verizon.  The information is not discoverable and an extension of the discovery cut-off to pursue it should not be permitted.

### IV.     The Subpoena Imposes an *Undue* Burden on Verizon Because Plaintiff Has Not Made a Threshold Showing That Good Cause Exists for It.

Where, as here, discovery is improper or would not be used for a proper purpose at trial, good cause to permit a deposition of a third party is lacking.  *See*, *e.g.*, *In re: AF Holdings LLC v. Does 1-1,058*, 752 F.3d 990 (D.C. Cir. 2014) (addressing the good cause standard for permitting discovery of ISPs in Doe defendant cases involving pornographic films, and reversing an order permitting discovery of the ISPs); *Malibu Media, LLC v. Doe*, 2015 U.S. Dist. LEXIS 87751, at *9-16 (denying leave to take discovery based on Malibu Media's history of discovery abuse).

For all the reasons discussed herein, Plaintiff's request for relief should be denied.

Respectfully submitted,

*s/ J. Alexander Lawrence*

J. Alexander Lawrence

Counsel for Verizon Online LLC

cc:     all counsel of record via ECF