*JACQUELINE M. JAMES, ESQ.*

THE JAMES LAW FIRM
445 HAMILTON AVENUE
SUITE 1102
WHITE PLAINS, NY 10601

T: (914) 358-6423
F: (914) 358-6424
JAMESLAW@OPTONLINE.NET
WWW.JAMESLAW.COM



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **OCT 09 2015**

The Honorable Judge Katherine B. Forrest
United States District Court
500 Pearl Street
New York, NY 10007-1312

*Re: Malibu Media v. John Doe, 1:14-cv-10155-KBF, Letter Opposition to Verizon's Motion to Quash [CM/ECF 46]*

Dear Judge Katherine B. Forrest:

The James Law Firm, PLLC represents Plaintiff in the above captioned matter. On February 2, 2015 Plaintiff served a subpoena on Verizon Internet Services. The subpoena was issued from the Southern District of New York and sent to Verizon's Legal Compliance, Custodian of Record in San Angelo, TX – the address and location which Verizon has always requested Plaintiff serve its subpoenas. On April 6, 2015, Verizon provided Plaintiff with the John Doe Defendant's identity, without objection.

Verizon provided Plaintiff with the identity of the subscriber so that Plaintiff could serve the John Doe Defendant and litigate its case. Plaintiff now seeks Verizon's testimony to lay the foundation to introduce Verizon's records into evidence as business records. Without Verizon's testimony, Plaintiff cannot correlate the Defendant to the IP address and litigate its case. Plaintiff also seeks limited relevant information from Verizon in order to further prove that the Defendant infringed Plaintiff's copyrights and defeat Defendant's defenses.

A. This Court Should Not Deny Plaintiff's Request to Extend Discovery

Plaintiff's subpoena to Verizon seeks: (a) notices of copyright infringement sent to Defendant through either the Digital Millennium Cable Act or the Copyright Alert System (collectively "CAS"); (b) notifications from Verizon to Defendant of this lawsuit; (c) the make and model of routers lent by Verizon to Defendant; (d) Verizon's policies and procedures regarding copyright infringement and its ability to correlate a subscriber to an IP address; (e) the time period in which the Defendant was the subscriber of the infringing IP address; and (f) documents demonstrating that Defendant was assigned the infringing IP address on the date of infringement. Additionally, Plaintiff's subpoena seeks a brief deposition in order to lay the foundation to enter into evidence Verizon's documents, specifically the correlation between the IP address and subscriber. All of the above requests are relevant towards Plaintiff proving its case against Defendant. Further, authenticating documents for purposes of admissibility is necessary for Plaintiff to prevail at trial.

Prior to sending the subpoena to Verizon, Plaintiff attempted to confer with Verizon and Defendant in order to reduce Verizon's burden and amicably resolve a convenient process for Plaintiff to receive the requested information. Plaintiff even agreed to a declaration in which Verizon would stipulate that it correctly identified Defendant, so long as Defendant agreed and

would not later challenge such a declaration. And, Plaintiff agreed to arrange a video deposition to reduce any travel costs, time, burden or expense. Further, as always has been Plaintiff's arrangement with Verizon, Plaintiff would agree to pay Verizon for any of the costs necessary to provide this information and attend such a deposition.

### B. The Requested Information is Not Protected By the Cable Act

Verizon's argument that Plaintiff seeks information, including CAS records, prohibited by the Cable Act lacks merit and is disingenuous. The Center for Copyright Information – the very organization that issues to Verizon the CAS records - has specifically stated, "[a]t no time will ISPs share personal information (name, address, etc.) with anyone else (including the Content Owners or other ISPs) except pursuant to a properly issued subpoena or court order"[1] (emphasis added). Clearly, it was contemplated by the major content holders when they voluntarily entered the CAS system with the ISPs that ISPs would provide CAS information pursuant to a court order.

The text of the statute and case law supports this notion. Specifically, the Cable Act states:

(2) A cable operator may disclose such [personally identifiable information] if the disclosure is— ... (B) ... made pursuant to a court order ..; (C) a disclosure of the names and addresses of subscribers to any cable service or other service, if--(ii) the disclosure does not reveal, directly or indirectly, the--(I) extent of any viewing or other use by the subscriber of a cable service or other service provided by the cable operator. 47 U.S.C. § 551(c).

The statute states that Verizon may reveal personally identifiable information "pursuant to a court order authorizing such disclosure." *Id.* Subsection (C) of the statute contemplates instances where disclosures of names and addresses may be made *without* a court order. This is consistent with courts which have held that an ISP may turn over subscriber records (and not just the name and address) pursuant to a court order. "There is no privilege or restriction on releasing customer records to a non-governmental entity pursuant to a court order. 47 U.S.C. § 551(c)(2)(B)." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) (emphasis added).

Further, it is not clear that Verizon's Internet Service is even regulated by the Cable Act. "[A]pplying the carefully tailored scheme of cable television regulation to cable broadband Internet access would lead to absurd results, inconsistent with the statutory structure." *AT&T Corp. v. City of Portland*, 216 F.3d 871, 877 (9th Cir. 2000). "We conclude that a reading of the plain language of § 551(b) precludes its application to broadband internet service." *Klimas v. Comcast Cable Commc'ns, Inc.*, 465 F.3d 271, 276 (6th Cir. 2006). "[B]ecause what was at issue was not cable service, but internet service being provided by a cable company, the Cable Communications Act did not apply." *Nicholson v. Loe(s)*, No. 10-CIV-61615, 2011 WL 113912, at *1 (S.D. Fla. Jan. 13, 2011).

---

[1] http://www.copyrightinformation.org/resources-faq/copyright-alert-system-faqs/

2

Toward that end, Plaintiff is not seeking data of cable viewing activities or any type of cable provider information. Plaintiff is specifically seeking information pertaining to Internet usage. Because the core issue in this case is whether Defendant used his Internet to infringe Plaintiff's copyrighted works, prior evidence – and knowledge - of Internet copyright infringement relating to Defendant's IP address is relevant. And, the type of router Defendant used and the length of time Defendant subscribed to his IP address are necessary and relevant information that will enable Plaintiff to defeat Defendant's defenses, specifically the defense that it was someone other than him committing the infringement.

### C. Good Cause Exists for Plaintiff to Receive the Information

Verizon's argument that Plaintiff will not use the requested information for trial lacks merit and is nonsensical. The very reason Plaintiff is subpoenaing this information is so that it may prevail at trial against Defendant. It can hardly be argued that Plaintiff's request to authenticate records for purposes of introducing evidence at trial demonstrates an improper purpose or desire to avoid litigation.

### D. Any Defects in the Subpoena Are Curable

In this case, Plaintiff issued the subpoena to Verizon's Custodian of Record in an identical fashion as the non-opposed subpoena seeking the John Doe Defendant's identity. Plaintiff's intention was not to cause an undue burden. Indeed, Plaintiff engaged in good faith conferences with Verizon in an attempt to accommodate.

Under Fed. R. Civ. P. 45 "[a] subpoena must issue from the court where the action is pending." Further, Rule 45 states: "[a] subpoena may command a person to attend a trial, hearing, or deposition … within 100 miles of where the person resides, is employed, or regularly transacts business in person."

At no point in time did Verizon ever provide Plaintiff with any information to serve a subpoena in any fashion other than as it has commonly accepted in hundreds of instances at its Texas address. Of course Plaintiff would have served it on Verizon's Virginia employees if Verizon so requested. And, if this Court extends discovery, Plaintiff will reissue the subpoena after it receives the preferred address and contact information from Verizon and schedule the deposition for a pre-arranged and agreed date and time. But Plaintiff cannot issue a subpoena to an address it does not know. To suggest that Plaintiff was attempting to burden Verizon by requiring its employees to fly to Texas is absurd. Plaintiff will depose Verizon anywhere that is convenient for its representatives. Regardless, Plaintiff's subpoena is not deficient because Verizon, as an entity, "regularly transact[s] business" in Texas. That is where they direct Plaintiff and others to issue subpoenas relating to customer information.

Plaintiff is happy to continue to accommodate Verizon by agreeing to a video deposition, agreeing to a deposition at a location of Verizon's choosing, agreeing to compensate Verizon for costs to attend a deposition and any other reasonable request. Plaintiff's intention is not to place an undue burden on Verizon. Instead, it is simply to receive relevant documents and sufficiently

3

authenticate those documents to satisfy the Federal Rules of Evidence so that they are admissible at trial.

E. This Court Should Not Rely on Verizon's *Ad Hominem* Attacks

Verizon's attempt to quash the subpoena on the basis of Plaintiff's litigation in other cases, or through *ad hominem* attacks, lacks merit and should not be considered. Plaintiff is only using the court system to litigate its case under the proper purposes granted through the Copyright Act. Plaintiff has engaged in discovery in good faith and its only goal is to seek redress for its injuries. For the foregoing reasons, Plaintiff respectfully requests the Court grant its Motion to Extend Discovery and deny Verizon's Motion to Quash.

Respectfully Submitted,

By: *Jacqueline M. James*
Jacqueline M. James, Esq. (1845)
The James Law Firm, PLLC
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
T: 914-358-6423
F: 914-358-6424
E-mail: jjameslaw@optonline.net
*Attorneys for Plaintiff*

---

**Ordered**

The Court construes Verizon's letter of Sept. 30, 2015 (ECF No. 45) as a motion to quash. That motion is Granted in Part and Denied in Part.

The Court appreciates the burdens Verizon faces -- but this Court must, pursuant to the Federal Rules, evaluate the merits of each case before me. In that regard, the Court reviews the discovery sought against the burdens imposed by that discovery in this case. It is relevant to "close calls" that so much burden has already been put on Verizon in other cases.

The Court deems document/items nos. (g), (h) and (i) sufficient to meet plaintiff's concerns as expressed in the opposition. Documents responsive to those requests only shall be produced on a reasonable schedule. No deposition is required at this time though, if this matter were to proceed to trial and no stipulation was reached between the litigants, one might be necessary then. The documents required to be produced herein do not fall within any prohibitions by the Cable Act.

/s/ B. Forrest
USDJ    10/9/15