# LEWIS & LIN LLC

45 Main Street, Suite 608
Brooklyn, NY 11201-8200
>>>Tel: (718) 243-9323
>>>Fax: (718) 243-9326

www.ilawco.com

October 13, 2015

**Via ECF**
Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007
Email: forrestnysdchambers@nysd.uscourts.gov

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: OCT 14 2015
```

*Malibu Media LLC v. Doe (subscriber assigned IP address 108.30.247.86)*
Civil Action No. 1:14-cv-10155-KBF

Dear Judge Forrest:

I am counsel for Defendant John Doe (subscriber assigned IP address 108.30.247.86) ("Doe") in the referenced case and write pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure and your Individual Rules of Practice 1.G and 2.F to **request an order (i) setting an expert discovery schedule, including a time and place for the deposition of Malibu Media LLC's expert witness, Patrick Paige, and (ii) granting an extension of time for Doe to file its opposition to Malibu Media LLC's Motion for Sanctions (DE 39).**

The parties have conferred, and Malibu consents to Doe's requested extension, provided they will in turn have an opportunity to review the report of and to depose Doe's potential rebuttal expert prior to filing its reply to the Motion, all to which Doe consents.

The only issue of contention is the date and location of Mr. Paige's deposition.

As the Court may be aware, the parties never agreed to a formal schedule for expert discovery. Indeed, until Malibu served Mr. Paige's report on or about September 18, 2015, the undersigned was unaware when and if Malibu would produce an expert report on the basis of its examination of Doe's computer. Nevertheless, soon after Malibu served its report, on September 22, 2015, the undersigned requested a deposition of Mr. Paige pursuant to FRCP 26(b)(4)(A), and ideally prior to close of discovery at that time. The undersigned again requested dates for Mr. Paige's deposition on each of September 22, September 25, September 28, September 30, October 5, October 6, October 8, and October 9.

Moreover, Malibu agreed to produce Mr. Paige, who resides in Florida, via telephone or video and/or demanded that Doe's counsel travel to Florida to depose him there. The undersigned informed Malibu's counsel that we prefer to conduct Mr. Paige's deposition, in person, at our offices in New York. While we understand that Malibu's expert may have to travel, we informed Malibu's counsel that we find video depositions (especially given this quantity of documents) unwieldy and expensive. Further, as Malibu brought this action in New York and chose an expert who resides outside New York, Doe should not have to incur the additional costs intendant with Malibu's choices. *See, e.g., Frederick v. Columbia Univ.*, No. 01CIV.4632(AGS)(RLE), 2003 WL 260685, at *1 (S.D.N.Y. Feb. 4, 2003). As such, we informed Malibu's counsel that we remain flexible with dates for Mr. Paige's deposition to take place here, with the understanding that he has to travel.

As of October 9, 2015, Doe proposed to conduct Mr. Paige's depositions at our offices any day the week of October 19-23. Notwithstanding Doe's multiple requests, Malibu has yet to respond affirmatively with dates for Mr. Paige's in-person deposition. As a result, the parties remain unable to stipulate to dates for the consented extension of time for Doe's opposition to the Motion for Sanctions.

Should the Court set a date for Mr. Paige's deposition, I presume the parties can agree to a discrete, proposed briefing schedule to submit to the Court. Alternatively, if the Court were to set both an expert disclosure and briefing schedule of its own choosing, Doe requests that its opposition be due two weeks after the deposition of its potential rebuttal expert—yet, at least 30 days before the scheduled evidentiary hearing on December 11, 2015.

Finally, the undersigned is aware of Your Honor's individual rule requiring requests for extensions be filed prior to the expiration of the due date (Individual Rule 1.G(i)), and Doe apologizes for the delay. Doe posits that good cause exists here to not only grant the extension, but also to excuse the delay, as the parties have consented to the extension and the undersigned attempted on numerous occasions to procure dates for Mr. Paige's deposition prior to and through the due date, all to no avail. No previous request for the relief sought herein as been made.

Respectfully submitted,

*/s/ Justin Mercer*
Justin Mercer

cc:  Jacqueline M. James, Esq.
     David D. Lin, Esq. (via email only)

---

**Ordered**

Plaintiff shall file any response to the instant applications not later than 10/15 at 5pm.

K.B. Forrest
USDJ

10/14/15